USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/10/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Judgment Creditor,

v.

RICHARD GARY O'CONNOR,

                Judgment Debtor,

and

FIDELITY MANAGEMENT TRUST COMPANY, FIDELITY BROKERAGE SERVICES, LLC, THE VANGUARD GROUP, INC., and NUVEEN-TIAA-CREF FUNDS,

                Garnishees.

17 CR 478 (AT)

**FINAL ORDER
OF GARNISHMENT**

        WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3205, the United States of America ("the Government") sought, obtained, and served writs of garnishment on the garnishees, FIDELITY MANAGEMENT TRUST COMPANY, FIDELITY BROKERAGE SERVICES, LLC, THE VANGUARD GROUP, INC., and NUVEEN-TIAA-CREF FUNDS, for substantial nonexempt property belonging to or due the judgment debtor, RICHARD GARY O'CONNOR (Dkts. 33-36 and 41);

        WHEREAS, on October 31, 2024, in compliance with 28 U.S.C. § 3205(c)(4), NUVEEN-TIAA-CREF FUNDS filed an Answer of the Garnishee (Dkt. 37) and served a copy on the Government and the judgment debtor stating that it holds one joint account number ending in 1737 with an approximate value of $33,730, subject to market fluctuation, belonging to RICHARD

Final Order of Garnishment - Page 1

GARY O'CONNOR and MAIGEN A. O'CONNOR (his spouse). The Government does not seek liquidation and turnover of the funds held in that joint account at this time;

WHEREAS, on November 7, 2024, in compliance with 28 U.S.C. § 3205(c)(4), FIDELITY MANAGEMENT TRUST COMPANY, FIDELITY BROKERAGE SERVICES, LLC, filed an Answer of the Garnishee (Dkt. 39) and served a copy on the Government and the judgment debtor stating that it holds the following property belonging to or due RICHARD GARY O'CONNOR in its possession, custody, or control, subject to market fluctuation:[1]

| Account No. | Type | Amount |
| --- | --- | --- |
| XXXX1097 | Individual Brokerage Account | $9,498.00 |
| XXXX1530 | Roth IRA | $6,093.00 |
| XXXX0347 | Individual Retirement Account | $32,174.00 |
| **Total withheld** | | **$47,765.00** |

WHEREAS, on November 22, 2024, in compliance with 28 U.S.C. § 3205(c)(4), THE VANGUARD GROUP, INC. filed an Answer of the Garnishee (Dkt. 40) and served a copy on the Government and the judgment debtor stating that it holds the following property belonging to or due RICHARD GARY O'CONNOR in its possession, custody, or control, subject to market fluctuation:[2]

| Account No. | Type | Amount |
| --- | --- | --- |
| XXXX | Individual | $3,845.45 |
| XXXX | Individual Brokerage | $27,213.89 |
| XXXX | Rollover IRA | $8,877.00 |
| XXXX | Rollover IRA Brokerage | $97,852.53 |
| **Total withheld** | | **$137,788.87** |

WHEREAS, in compliance with 28 U.S.C. § 3202(c), the Government served the judgment debtor, RICHARD GARY O'CONNOR, with the garnishment process more than 90 days ago (Dkt. 41);

---

[1] The Evergreen Systems, Inc. 401(k) account with *de minimus* value is not sought by the Government.

[2] The Vanguard Roth IRA with *de minimus* value is not sought by the Government.

WHEREAS the FDCPA requires the judgment debtor to file a claim for exemption, objection to the garnishee's answer, or request for a hearing within 20 days after service under 28 U.S.C. §§ 3202(d) and 3205(c)(5), that time has expired, and neither the Court nor the Government has received any such filing by or on behalf of the judgment debtor;

WHEREAS, pursuant to 28 U.S.C. § 3205(c)(7), after a garnishee files an answer and if no hearing is requested within the required time period, the Court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in the property held by the garnishee;

WHEREAS it is undisputed that the Government is entitled to garnish the substantial nonexempt property of the judgment debtor held by the garnishees, *see United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the Government to garnish investment and retirement funds to satisfy a restitution order); *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal);

WHEREAS the judgment debtor, RICHARD GARY O'CONNOR, has made nominal payments totaling $17,666.36 and still owes $352,482,333.64 in restitution;

WHEREAS the Government may make an election on the judgment debtor's behalf when he is eligible for a distribution but has not elected to receive one, *see United States v. National Bank of Commerce*, 472 U.S. 713, 725 (1985), and the Government hereby seeks to do so;

IT IS THEREFORE ORDERED that the garnishees, FIDELITY MANAGEMENT TRUST COMPANY and FIDELITY BROKERAGE SERVICES, LLC, shall liquidate securities as needed to pay the full liquidated value of RICHARD GARY O'CONNOR's Individual Brokerage Account No. ending in 1097, Roth IRA No. ending in 1530, and IRA No. ending in

0347, less any deductions required by law, with no withdrawal penalty, to the Clerk of Court within 15 days from the date of this Order; and

IT IS FURTHER ORDERED that the garnishee, THE VANGUARD GROUP, INC., shall liquidate securities as needed to pay the full liquidated value of RICHARD GARY O'CONNOR's Individual Brokerage Account, Rollover IRA, and Rollover IRA Brokerage Account (but not his Roth IRA), less any deductions required by law, with no withdrawal penalty, to the Clerk of Court within 15 days from the date of this Order.

Payments should be made to "Clerk of Court" with "No. 17 CR 478" written on the face of each payment and mailed to the United States District Court, 500 Pearl Street, New York, New York 10007, Attn: Cashier.

Dated: New York, New York
    February 10, 2025

_____
ANALISA TORRES
UNITED STATES DISTRICT JUDGE

**Final Order of Garnishment - Page 4**